UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

# 05   10069 MLW

MAGISTRATE JUDGE _____

KIMBERLY SOUSA
Plaintiff

v.                                           C.A. NO. _____

PBW HOLDINGS LTD. d/b/a HCX- THE
HAIRCOLOR XPERTS (HCX)
& HCX SALONS
INTERNATIONAL, LLC
Defendants

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by **KIMBERLY SOUSA** (hereinafter "Plaintiff" or "Sousa")

against **PBW HOLDINGS LTD. d/b/a HCX- THE HAIRCOLOR XPERTS (HCX)**

**& HCX SALONS INTERNATIONAL, LLC** (hereinafter "Defendants", "HCX", or

"Employers") in order to remedy and seek relief for the Defendants' unlawful and

discriminatory employment practices on the basis of gender/sex and for retaliation, in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., in

addition to other federal state and common law claims.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to, *inter alia*,

pertinent provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

2.    Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3.    Venue is proper in this district pursuant to <u>inter alia</u>, 28 U.S.C. 1391 (b), because:

    a.    The alleged unlawful practices occurred and/or are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

    b.    all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business Seekonk, Massachusetts;

    c.    Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at its Seekonk, Massachusetts location, but for the Defendants' unlawful employment practices.

4.    On or about February 4, 2004 Plaintiff filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination (MCAD) and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been

discriminated against on the basis of her sex/gender and that she had been subject to retaliation. (MCAD #04BEM00363; EEOC #16CA400926) (ATTACHMENT A)

5.    The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court; including, but not limited to, requesting and receiving Right To Sue Authorization from the pertinent federal administrative agencies. (ATTACHMENT B)

### THE PARTIES

6.    The Plaintiff, Kimberly Sousa, a female individual, is a resident of the City of Seekonk, Massachusetts.

7.    The Defendant, HCX—Salons International is a foreign corporation with a principal place of business at 4850 W.Prospect Rd., FT. Lauderdale, FL. 33309., and authorized to maintain a facility and operate a place of business as—Defendant PBW Holdings Ltd d/b/a HCX--The Haircolor Experts, located at 1201 Fall River Ave., Seekonk, MA 02771.

8.    On information and belief, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined one single employer, or in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

9.     At all times material to the allegations of this Complaint, the Defendants have continuously, and does now employ at least 100 or more employees in the Commonwealth of Massachusetts.

10.     At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII".)

11.     At all times material to the allegations of this Complaint, Defendants were and are an "employer" within the meaning of that term as applicable in pertinent provisions of Title VII, and any other statutes pertinent to this action.

12.     Sousa is an "individual" covered within the meaning of pertinent provisions defining that term under Title VII, and any other statutes pertinent to this action.

13.     At all times material to this action, the Defendants were and are an "employer" subject to pertinent provisions of M.G.L.A. Ch. 151B.  At all times material to this action, Plaintiff was protected under pertinent provisions of M.G.L.A. Ch. 151B.

## FACTS APPLICABLE TO EACH COUNT

14.    Plaintiff is a female.

15.    Plaintiff began working for the employer on or about June 8, 2003 in the position of Salon Coordinator.

16.    Throughout her tenure of employment with the Defendants, Plaintiff met or exceeded the employer's legitimate expectations.

17.    Plaintiff was terminated from her employment on or about September 12, 2003.

18.    Throughout the tenure of her employment, Plaintiff was compelled to work in a hostile environment and was terminated in retaliation for complaining about what she perceived to be inappropriate workplace conduct.

19.    Such conduct included but was not limited to a supervisor making inappropriate comments regarding Plaintiff's personal relationships, asking Plaintiff out for drinks, and making a comment to Plaintiff with sexual overtones to the effect that as

long as he and Plaintiff were "on the same page [Plaintiff] would always have a job with the company."

20.    Plaintiff complained numerous times to her superiors, but no corrective action was taken.

21.    Instead, Plaintiff was abruptly terminated with no adequate explanation from the employer.

22.    The Massachusetts Department of Unemployment Assistance ruled that the Plaintiff did not engage in any misconduct warranting her discharge and awarded her full unemployment benefits.

23.    Plaintiff neither participated in, encouraged, nor welcomed the conduct referenced in paragraph 19 above.

24.    Plaintiff maintains that in retaliation, because she protested what she reasonably believed to be unlawful discriminatory conduct based on gender, the employer terminated her.

25.    But for the Defendants' intention to discriminate against Plaintiff on the basis of her gender/sex, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been terminated.

26.    But for the Defendants' intent to discriminate against Plaintiff on the basis of her gender/sex, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been subjected to discriminatory terms and conditions of employment, in the form of Defendant's decision to terminate her employment.

27.    The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law.

28.    The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff.  The Defendants knowingly and purposely subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender/sex and because she sought to assert her rights to be free from unlawful workplace treatment.

29.    The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**

**TERMINATION
HOSTILE ENVIRONMENT
RETALIATION
M.G.L.A. CH. 151B**

30.    The allegations contained in Paragraphs 1-29 above are incorporated herein by reference in their entirety.

31.    The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the M.G.L. A. CH. 151B by:

a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex;

b.  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex;

d.  causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation; and

e.  retaliating against the Plaintiff because she opposed practices forbidden under M.G.L. 151B. (M.G.L. c.151B, §4(4).

32.  The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex, and because she complained regarding workplace treatment prohibited by state and federal law. Such practices include, but are not limited to, Defendants:

a.) discharging Plaintiff because of her gender/sex;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex; and

c.) forcing Plaintiff to work in a sexually-hostile environment.

33.    But for the Defendants' intent to discriminate against Plaintiff because of her gender/sex, Defendants would not have discharged Plaintiff, or subjected her to discriminatory terms and conditions of employment, or retaliated against her.

34.    The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender/sex, and because she complained about unlawful workplace treatment. The Defendants' conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e et seq.**
**HOSTILE ENVIRONMENT**
**TERMINATION**

## RETALIATION

35.    Paragraphs 1-29 above are incorporated herein by reference in their entirety.


36.    The Defendant's conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-29, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her gender/sex and/or race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e (Title VII), and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden by Title VII (42 U.S.C. §2000e-3(a)).


37.    The Defendants' conduct in discharging the Plaintiff, and as otherwise referenced in paragraphs 1-29, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her gender/sex, in violation of Title VII, and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden under Title VII.


38.    Defendants willfully engaged in a policy or practice of discriminatory treatment based on gender/sex by discharging Plaintiff, in violation of Title VII.


39.    The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex;

d.) and retaliating against her because she complained regarding unlawful workplace treatment, and practices forbidden under Title VII; and

e.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

40.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex.    Such practices including, but are not limited to, Defendants:

a.) discharging Plaintiff because of her gender/sex;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex, and because she opposed practices prohibited under Title VII; and

c.) tolerating a hostile work environment based on gender.

41.    But for the Defendants' intent to discriminate against Plaintiff because of her gender/sex, or its intent to retaliate against her, Defendants would not have

terminated Plaintiff or subjected her to discriminatory terms and conditions of employment.

42.    The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

43.    By its conduct, the Defendants have failed in its affirmative duty under Title VII, by their failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at employees based on their gender/sex.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender/sex;

b.) an order that the Defendants make whole the Plaintiff with appropriate lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h.) grant such further relief as this court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.


Respectfully Submitted,
Kimberly Sousa,
By Her Attorney,


Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

This form is ... Privacy Act ... for Privacy Act ...    EEOC | 04-13-00363
completing this form.

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

*State or local Agency, if any*    and EEOC

ATTACHMENT A

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| KIMBERLY SOUSA | 508-336-6434 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 40 Coolidge Street | Seekonk, MA  02771 | 9/15/70 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| hcx - The Haircolor Experts | 10+  see attached | 508-336-1429 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1201 Fall River Avenue | Seekonk, MA  02771 | Bristol |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| hcx, Salons International, LLC | 1-866-hcx-hcx1 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4850 W. Prospect Road | Ft. Lauderdale, Florida  33309 | Broward |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| June 7, 2003 | |

☒ CONTINUING ACTION

RECEIVED
FEB 0 4 2004
COMMISSION AGAINST DISCRIMINATION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I am a female. I began working for the above-referenced employer on or about June 8, 2003. I held the position of Salon Coordinator. At all times I performed my job duties in a satisfactory manner, meeting or exceeding the employer's legitimate expectations. I was terminated from my employment on or about September 12, 2003. I believe that during my tenure of employment, I was compelled to work in a hostile environment and was terminated in retaliation for complaining about what I perceived to be inappropriate workplace conduct. Such conduct included but was not limited to a supervisor making inappropriate remarks regarding my personal relationships, asking me out for drinks, and making a comment to me with sexual overtones to the effect that as long as he and I "were on the same page, [I] would always have a job" with the company. I complained numerous times to my superiors, but no corrective action was taken. Instead, I was abruptly terminated with no adequate explanation from the employer. The Department of Labor and Training has ruled that I did not engage in any misconduct warranting my discharge. The employer's conduct, in tolerating and perpetuating a sexually hostile work environment, and retaliating against me for complaining about what I reasonably perceived to be inappropriate workplace conduct, is in violation of Title VII of the Civil Rights Act of 1964, M.G.L. 151 (b), and other state and federal laws.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| ☒☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | Banning Notary# 81941 Exp. 8/13/07 |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | Kimberly Sousa |
| *Kimberly Sousa* 1/30/04 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Charging Party (Signature) | Banning 1/30/04 |

EEOC FORM 5 (Rev. 06/92)

.TTACHMENT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Kimberly Sousa<br>40 Coolidge Street<br>Seekonk, MA 02771 | From:  Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-00926 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

OCT 1 3 2004

(Date Mailed)

Enclosure(s)

**Robert L. Sanders,
Area Office Director**

cc:  HCX, SALONS INTERNATIONAL, LLC
4850 W. Prospect Road
Fort Lauderdale, FL 33309

Stephen T. Fanning, Esquire
305 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** KIMBERLY SOUSA V.
PBW HOLDINGS d/b/a HCX- THE HAIRCOLOR XPERTS (HCX)

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

      I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

 X   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

      III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

      IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

      V.   150, 152, 153.

*(stamped: 5 10069 MLW)*

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**
NONE

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
NO

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** NO
**IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)**

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** NO

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES**_____ **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES**_____

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES**_____ **(a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?**_____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Eastern

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION**_____ **OR WESTERN SECTION**_____

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** STEPHEN T. FANNING    #542343
**ADDRESS** 305 South Main Street, Providence, RI 02903
**TELEPHONE NO.** 401-272-8250

(Category.frm - 09/92)

# IVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KIMBERLY SOUSA

## DEFENDANTS

PBW HOLDINGS LTD. d/b/a HCX- THE HAIRCOLOR EXPERTS (HCX) & HCX SALONS INTERNATIONAL, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
STEPHEN T. FANNING #542343
305 S. MAIN ST., PROVIDENCE, RI
02903 (401)272-8250

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

#### PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
#### HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e, et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):   none

JUDGE _____   DOCKET NUMBER _____

DATE
1/11/05

SIGNATURE OF ATTORNEY OF RECORD
Stephen Fanning # 542343

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____